REAL ESTATE DIVISION, DEPARTMENT OF COMMERCE, STATE OF NEVADA, APPELLANT, v. ROBERT V. JONES, RESPONDENT.

No. 13154

GERALD RANSDELL AND VICKIE L. JONES, APPELLANTS, v. REAL ESTATE DIVISION, DEPARTMENT OF COMMERCE, STATE OF NEVADA, RESPONDENT.

No. 13551

June 8, 1982                                            645 P.2d 1371

---

[7]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.

*Richard H. Bryan,* Attorney General, *Franklin C. Hoover* and *Steven F. Stucker,* Deputy Attorneys General, Carson City, for Real Estate Division, Department of Commerce, State of Nevada.

*Gladstone & Stark,* Las Vegas, for Robert V. Jones, Gerald Ransdell and Vickie L. Jones.

## OPINION

*Per Curiam:*

These consolidated appeals stem from a real estate transaction which became the subject of a disciplinary hearing before the Nevada Real Estate Advisory Commission ("Commission"). At the conclusion of the hearing the Commission revoked the real estate corporate broker's license of Gerald

Ransdell and the salesman's licenses of husband and wife, Robert Jones and Vickie Jones. Thereafter, under a petition for review, the district court reversed the Commission's decision as to Robert Jones and remanded for further consideration the Commission's ruling against Ransdell and Vickie Jones. The Commission then appealed to this Court for relief from the district court's decision and order. Upon remand, the Commission modified its initial ruling and suspended the licenses of Ransdell and Vickie Jones for the period of one year. The latter parties now urge this Court to reverse the decision of the district court sustaining the modified action of the Commission. We find ample basis for affirming the district court's initial ruling as it pertained to Robert Jones, but are compelled to reverse its affirmance of the Commission's modified decision regarding Ransdell and Vickie Jones.

The distillate of the issues on appeal requires this Court to determine whether the district court erred: (1) in finding an abuse of discretion on the part of the Commission in its initial rulings; and (2) in finding substantial evidence in the record to support the Commission's one-year suspension of the licenses of Ransdell and Vickie Jones.

The operative facts surround a real estate transaction between Capital Development Corporation ("Capital") as purchaser, and Theodore and Mildred Ortiz as sellers of a five acre parcel of unimproved land situated in Henderson, Nevada. Vickie Jones presented the purchase offer and a photocopy of a $1,000 earnest money check made payable to the intended escrow depositary, Fidelity Title Company, to the listing broker, Fidelity Realty Company.[1] Mrs. Jones was a licensed salesman employed by Mojave Realty and Investment Company ("Mojave Realty"). The aforesaid offer was given to Ed St. John, a salesman employed by Fidelity Realty, who thereafter opened escrow at Fidelity Title Company. The written offer and acceptance agreement referenced receipt of $1,000 by Capital as earnest money to be applied against the total purchase price, and the maker of the earnest money check was also Capital. The escrow instructions referred to the earnest money as being with the broker and required its deposit into escrow prior to closing. Before escrow opened, Mrs. Jones inadvertently took the earnest money check with her on vacation. In the

---

[1]There is no relationship between Fidelity Title Company and Fidelity Realty Company.

meantime, problems surfaced concerning the transaction and the purchaser decided to cancel escrow. When Mrs. Jones returned, her husband, Robert Jones, informed her that the transaction would not close and secured the return of the earnest money check. Thereafter a complaint was filed by sellers and the disciplinary hearing ensued.

As a predicate for its revocation of the three licenses of the petitioners below, the Commission in substance concluded that: (1) Petitioners Robert and Vickie Jones violated NRS 645.630[2] by concealing their status as agent and principals in the transaction and by their nondisclosure of the relationship between Capital, the purchaser, and Mojave Realty, the purchaser's agent;[3] (2) that petitioners Ransdell and Vickie Jones failed, intentionally or otherwise, to deposit in escrow or with Mojave Realty the $1,000 earnest money payment as required

---

[2]NRS 645.630 provided in part at the time pertinent to this action:

The commission may suspend, revoke or reissue subject to conditions any license issued under the provisions of this chapter at any time where the licensee has, by false or fraudulent representation, obtained a license, or where the licensee, whether or not acting as a licensee, is found to be guilty of:

. . .

4.  Acting for more than one party in a transaction without the knowledge of all parties for whom he acts.

. . .

14.  Negligence, or failure to disclose or to ascertain and disclose to any person with whom such licensee is dealing, any material fact, data or information concerning or relating to the property with which such licensee is dealing, which such licensee knew.

. . .

16.  The claiming or taking by a licensee of any secret or undisclosed amount of compensation, commission or profit or the failure of a licensee to reveal to the employer of such licensee the full amount of such licensee's compensation, commission or profit under any agreement authorizing or employing such licensee to sell, buy or exchange real estate for compensation or commission prior to or coincident with the signing of such agreement evidencing the meeting of the minds of the contracting parties, regardless of the form of such agreement, whether evidenced by documents in an escrow or by any other or different procedure.

. . .

[3]All three licensees were corporate officers of Capital Development Corporation, the stock of which was owned entirely by Robert and Vickie Jones. Mojave Realty and Investment Company was totally owned by Capital Development Corporation. At the time of the transaction, Robert and Vickie Jones were both real estate salesmen employed by Mojave Realty.

by NRS 645.310[4] and 645.630;[5] and (3) that petitioner Ransdell improperly supervised the Mojave Realty sales personnel. The district court determined, upon hearing the petition for review, that the finding of nondisclosure or concealment was unsupported by substantial competent evidence and that there was insufficient evidence upon which to revoke the license of Robert Jones. Additionally, the district court held that error arose by reason of the Commission's refusal to supply petitioners a copy of the written complaint submitted by Mr. and Mrs. Ortiz as required by NRS 645.680(4)[6] and by its denial of a continuance of the hearing under the circumstances. We merely note, without need for further discussion, our concurrence with the holding of the district court in each of the foregoing particulars. In our view, however, the entire matter should have been reversed on the record as to all of the licensees.

Our task on appeal has been to search the record for a foundation of substantial evidence upon which to validate the rulings of the Commission. NRS 233B.121(8). It is settled that a revocation or suspension of a lawfully acquired license constitutes an abuse of discretion by the disciplining authority unless the record reflects support in the form of sufficient competent evidence. Uncorroborated hearsay evidence does not measure up to the required standard. Walker v. City of San Gabriel, 129 P.2d 349 (Cal. 1942); Biegler v. Nevada Real Est. Div., 95 Nev. 691, 601 P.2d 419 (1979).

---

[4]NRS 645.310 provided in part at the time pertinent to this action:

1. All deposits accepted by every person, copartnership, corporation or association holding a real estate broker's license under the provisions of this chapter, which deposits are retained by such real estate broker pending consummation or termination of the transaction involved, shall be accounted for in the full amount thereof at the time of the consummation or termination.

2. Every real estate salesman, promptly on receipt by him of a deposit on any transaction in which he is engaged on behalf of a broker, shall pay over the deposit to the real estate broker.

[5]NRS 645.630(7) provided at the time pertinent to this action:

7. Failing, within a reasonable time, to account for or to remit any moneys coming into his possession which belong to others.

[6]NRS 645.680(4) provided at the time pertinent to this action:

4. The licensee shall be given at least 30 days' prior notice in writing by the real estate division of the date, time and place of the hearing, which notice shall contain an exact statement of the charges filed, together with a copy of the complaint and copies of any and all communications, reports, affidavits or depositions in possession of the real estate division relevant to the complaint.

In the instant case, the Commission found that Vickie Jones fraudulently misrepresented the existence of earnest money and the deposit thereof in trust with Mojave Realty. No competent evidence supportive of such finding exists in the record. To the contrary, the sellers and their agent were provided a photocopy of a check made payable to Fidelity Title Company and were informed via the written offer that it was receipted by the buyer, Capital. As far as the record reveals, Ed St. John of Fidelity Realty Company informed the title officer to indicate in the escrow instructions that the earnest money was with the broker. It is clear that the check made payable to the title company could not have been deposited in Mojave Realty's trust account and in any event it was to be delivered to Fidelity Title Company prior to the close of escrow. There is no evidence suggesting the check would have been dishonored upon presentment. Based upon the aforementioned factual findings of nondisclosure and fraudulent misrepresentation of earnest money, neither of which have substantial competent evidential support, the Commission entered conclusions of law against Vickie Jones regarding, *inter alia,* false promises, failure to account, nondisclosure and failure to deal fairly. All are without substantial basis in the record. It is true, of course, that Vickie Jones may have violated the literal terms of NRS 645.310(2) by taking her briefcase containing the earnest money check on the ten-day family vacation. It is unrefuted on the record, however, that the retention of the check by Mrs. Jones was inadvertent. Such human frailty, in the context of the single incident here presented, did not, therefore, rise to the level of perfidy, incompetence or negligence which would justify the imposition of either a revocation or suspension of her license. In short, the record does not reflect evidence of the kind of conduct described by the Commission's findings of fact and conclusions of law regarding Vickie Jones. Whether evidence of a substantial nature could have been produced against her is futile conjecture. The Real Estate Division, having the burden of proof, elected to content itself with uncorroborated hearsay and inconclusive affidavits. No attempt was made by the Real Estate Division to have the complaining witnesses or the knowledgeable salesman for Fidelity Realty Company present at the hearing. The resulting evidence did not support the exercise of the Commission's discretion in the revocation or suspension of petitioners' licenses. Walker v. City of San Gabriel, *supra.*

Since we have ruled that the record does not support the Commission's action against Robert and Vickie Jones it follows that the findings against Ransdell regarding his culpability, incompetence or negligence as supervising broker in the transaction must also fail. Other issues not specifically addressed in this opinion are deemed to be without merit.

The decision of the Commission both initially and as later modified does not meet the substantial evidence test. Accordingly, the judgment of the district court is affirmed as to case number 13154, and reversed as to case number 13551.