STATE OF NEVADA, DEPARTMENT OF MOTOR VEHI-CLES AND PUBLIC SAFETY, Appellant, *v.* GERALD CLEMENTS, Respondent.

No. 20540

August 21, 1990

796 P.2d 588

*Brian McKay,* Attorney General, Carson City; *Grenville T. Pridham,* Deputy Attorney General, Las Vegas, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

## The Facts

On June 23, 1987, Trooper Patricia Kinard of the Nevada Highway Patrol arrived at a property damage accident on U.S. Hwy. 95 at Rainbow Boulevard. Kinard observed a blue pickup truck facing south in the northbound lane. Respondent Gerald Clements admitted to Kinard that he was driving the pickup truck. Kinard noted that Clements had a strong odor of alcohol and that his eyes were bloodshot. Kinard then administered a series of field sobriety tests to Clements, all of which he failed. Kinard then placed Clements under arrest for driving while intoxicated.

At the Las Vegas City Jail, Nurse Patricia Howell administered a blood alcohol test which revealed that Clements' blood alcohol content was 0.19 percent by weight at the time of withdrawal.

On July 10, 1987, appellant, the Department of Motor Vehicles and Public Safety (the DMV), revoked Clements' driving privileges. Upon Clements' request, an administrative hearing was held on August 19, 1987. The hearing officer determined that Officer Kinard had reasonable grounds to believe that Clements had been driving a motor vehicle while under the influence of alcohol. The hearing officer also found that the DMV's copy of the original crime laboratory report was properly authenticated and certified, therefore admissible evidence. The hearing officer concluded that there was substantial evidence to support the revocation of Clements' driving privileges, and upheld the DMV's decision to revoke his driving privileges.

Clements appealed the decision of the hearing officer to the district court, and, on August 31, 1989, the district court issued its decision and order reversing the revocation of Clements' driving privileges. The district court found that the DMV hearing officer erred by admitting the affidavit of Nurse Howell where there was no showing that she was authorized to withdraw blood pursuant to NRS 484.393(1)(c). The district court also concluded that the hearing officer erred by admitting copies of the DMV's crime lab report where there was no showing of unavailability of the original documents. NRS 233B.123(2). On September 13, 1989, the DMV filed a motion for a rehearing. On September 25, 1989, the district court denied the motion for a rehearing and awarded $350.00 in sanctions against the DMV. This appeal by the DMV followed.

## Discussion

On appeal, the DMV first argues that the district court erred by determining that the DMV hearing officer failed to comply with NRS 484.393(1)(c). Prior to July 1, 1987, NRS 484.393 provided in pertinent part:

> 1. The results of any blood test . . . are not admissible in any hearing or criminal action arising out of the acts alleged to have been committed while a person was under the influence of intoxicating liquor or a controlled substance unless:
>
> (a) The blood tested was withdrawn by a physician, registered nurse, licensed practical nurse, advanced emergency medical technician-ambulance or a technician employed in a medical laboratory; and
>
> (b) The test was performed on whole blood, except if the sample was clotted when it was received by the laboratory, the test may be performed on blood serum or plasma.

Effective July 1, 1987, the following provision was added:

> (c) The person who withdrew the blood was authorized to do so by the appropriate medical licensing or certifying agency.

Clements asserts that because Nurse Howell was not present at the hearing, and the Nurse's affidavit was deficient, the DMV failed to satisfy the requirements of NRS 484.393(1)(c). We disagree.

As noted above, subsection (c) only became effective July 1, 1987. The accident took place on June 23, 1987. Therefore, we conclude that subsection (c) does not apply to the instant case. Courts will not apply statutes retrospectively unless the statute clearly expresses a legislative intent that they do so. Allstate Ins. Co. v. Furgerson, 104 Nev. 772, 776, 766 P.2d 904, 907 (1988) (quoting Travelers Hotel v. City of Reno, 103 Nev. 343, 346, 741 P.2d 1353, 1355 (1987)). There is nothing in the language of NRS 484.393(1)(c) which suggests any legislative intent to apply the statute retrospectively. Moreover, the DMV satisfied the requirements under subsections (a) and (b), because the blood was withdrawn by a licensed nurse, and the test was performed on whole blood. This is evidenced by the signed affidavit of Nurse Howell, stating that she is a registered nurse and that she withdrew whole blood samples from Clements. There is no evidence that the affidavit is either untruthful or misleading. As the court stated in State, Dep't Mot. Vehicles v. Vezeris, 102 Nev. 232, 234, 720 P.2d 1208, 1210 (1986), the affidavits of the

persons who withdrew blood samples are clearly admissible in administrative proceedings before the DMV.[1] The signed affidavit was therefore the best evidence of Nurse Howell's authorization to withdraw blood. Accordingly, we conclude that the district court erred by relying on subsection (c) to reverse the hearing officer's decision, and the DMV satisfied the requirements of subsections (a) and (b).

The DMV next contends that the authenticated copy of the crime lab report was admissible pursuant to NRS 233B.123(2). NRS 233B.123(2) provides: "Documentary evidence may be received in the form of authenticated copies or excerpts, *if the original is not readily available.* Upon request, parties shall be given an opportunity to compare the copy with the original." (Emphasis added.) We agree.

The Las Vegas Metropolitan Police Department (LVMPD) had possession of the original crime lab report. If Clements wanted the original report, he could have requested it from the LVMPD by a subpoena duces tecum, prior to the administrative hearing. The DMV did not have the original document. There is no statutory provision requiring the DMV to provide original documents which another agency generates and maintains. Moreover, NRS 233B.123(2) only requires that a party be given the *opportunity* to compare the copy with the original. Clements was free to take the certified copy to the LVMPD and compare it with the original.

Lastly, the DMV contends that the district court abused its discretion by imposing sanctions under NRCP Rule 11 after it filed its motion for a rehearing.[2]

This court should not reverse an award of sanctions absent a showing of an abuse of discretion. Works v. Kuhn, 103 Nev. 65,

---

[1]In *Vezeris,* this court held that parties seeking administrative review of driver's license revocations may not object to the use of affidavits of persons drawing blood samples. *Id.* at 235-237, 720 P.2d at 1211-1212.

[2]NRCP 11 provides in pertinent part:

The signature of an attorney or party constitutes a certificate by that attorney or party that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information and belief, formed after reasonable inquiring under the circumstances obtaining at the time of signature, that it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

732 P.2d 1373 (1987). Nevertheless, our review of the record reveals that the DMV was justified in filing its motion for a rehearing. As discussed earlier, Nurse Howell was a registered nurse and authorized to withdraw the blood. Moreover, the DMV did not commit any error by submitting as evidence a copy of the crime lab report because Clements failed to subpoena the original from the LVMPD or make a personal request for the original. Nor is there any indication that the motion was filed for an improper purpose. *Id.* at 67, 732 P.2d at 1375. Thus, the district court abused its discretion by imposing sanctions against the DMV under Rule 11.

Accordingly, we reverse the order of the district court and remand this matter for further proceedings consistent with the views expressed in this opinion.