STATE OF NEVADA, DEPARTMENT OF MOTOR VEHI-
CLES AND PUBLIC SAFETY, Appellant, *v.* BAR-
BARA KINKADE, Respondent.

No. 20808

April 30, 1991                                810 P.2d 1201

*Frankie Sue Del Papa,* Attorney General, Carson City, *Keith
D. Marcher,* Deputy Attorney General, *Andres Rappard,* Deputy
Attorney General, Las Vegas, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On January 5, 1989, Officer Jerry Edwards of the Nevada Highway Patrol was dispatched to a one-vehicle accident near Las Vegas. Upon arriving at the scene, Officer Edwards determined that respondent, Barbara Kinkade, had been driving the vehicle. In addition, the officer noticed a strong odor of alcohol on Ms. Kinkade's breath and therefore administered a sobriety test on Ms. Kinkade; respondent failed the test. Ms. Kinkade was then informed of the implied consent law and given the option of taking either a blood or breath test. At that time, Ms. Kinkade chose a blood test and was transported to the Las Vegas City Jail.

Upon arriving at the jail, respondent refused to submit to a blood test. She was then served with the notice of revocation and booked into jail for "driving while intoxicated with an accident." Ms. Kinkade requested an administrative hearing which was held on June 5, 1989. The hearing officer upheld the revocation of respondent's license and notified respondent by way of written decision dated June 23, 1989. Ms. Kinkade petitioned the district court for judicial review of the hearing officer's decision.

The district court reversed the decision of the hearing officer, holding that: (1) Ms. Kinkade's behavior did not constitute a "refusal" under the implied consent statute; and (2) the hearing officer committed reversible error when he refused to allow Ms. Kinkade to examine the original notice of revocation. The State now appeals. Because the district court's decision is inconsistent with the purpose of the implied consent statute, and with our case law, we reverse.

The State's initial contention is that Kinkade's refusal to submit to a blood test constituted a refusal to submit to any test under the Nevada implied consent statute, and that the hearing officer was therefore correct in affirming the revocation of Ms. Kinkade's license. More specifically, appellant argues that, at the scene of the accident, Kinkade was presented with the choice of taking either a blood or a breath test. Ms. Kinkade initially chose a blood test, but then refused to take such a test at the jail.[1] In addition, Ms. Kinkade never indicated a willingness to take a breath test at any time. Because Ms. Kinkade failed to submit to testing, the State argues, the district court erred in reinstating her license. We agree.

We were recently presented with a similar issue in State, Dep't of Mtr. Vehicles v. Brough, 106 Nev. 492, 796 P.2d 1089 (1990). In Brough, the DUI suspect refused to submit to a chemical sobriety test until he could be examined by a doctor. This court held that such behavior constituted a refusal to submit to an evidentiary test under the implied consent statute. In so holding, we stated that this court "has consistently followed a liberal interpretation of the implied consent laws. . . ." Id. at 496, 796 P.2d at 1092. We further observed that the sobriety test should be administered as soon as possible after the individual has been stopped and placed under arrest, because the effectiveness and reliability of the tests diminish with the passage of time. Accordingly, we held that revocation of the suspect's license was proper. Id. at 497, 796 P.2d at 1092.

An application of these principles to the instant case reveals that the hearing officer was correct when he concluded that Ms. Kinkade's behavior constituted a "refusal" under the implied consent law. In Brough, this court stated that the implied consent statute should be liberally construed so as to keep drunk drivers off the streets. A liberal construction requires that once a suspect chooses a testing method they must either undergo that test, or affirmatively request an alternative one. Otherwise, a suspect may be able to use the resulting confusion to delay testing and thereby lessen the amount of alcohol in his or her system. Here,

---

[1]The hearing officer found that Ms. Kinkade refused to take *any* tests (blood or breath) when she was at the jail. The district court held, however, that this finding was unsupported by the record. Our review of the record indicates that while Officer Edwards initially stated that, according to his report, Ms. Kinkade had refused to take any test, the officer retracted the statement on cross-examination. This was because the police report, prepared by Officer Edwards soon after the incident, merely stated that Ms. Kinkade refused a blood test.

the record is clear that Ms. Kinkade refused the blood test and did not offer to take an alternative test. For this reason, the district court erred when it held that Ms. Kinkade's behavior did not amount to a refusal.

In ruling as it did, the district court also held that the hearing officer erred by admitting into evidence photocopies of the notice of revocation and the officer's certification of cause. Respondent argues that NRS 233B.123(2) requires that upon request any party must be given an opportunity to compare an offered photocopy with the original document.[2]

Such an argument is foreclosed by State, Dep't of Mtr. Vehicles v. Clements, 106 Nev. 516, 796 P.2d 588 (1990). In *Clements,* we held that under NRS 233B.123(2) the DMV is not required to bring original copies of police documents to license revocation hearings. To the contrary, NRS 233B.123(2) simply requires that the suspect be afforded some chance to examine the original document, either at the police station or by subpoenaing the original in advance. *Id.* at 519, 796 P.2d at 589-90.

Under the logic of *Clements,* therefore, had Ms. Kinkade wanted to review the original, she was free to subpoena the document from the police or review the document at the police station. Because the original of this document was obviously in the possession of the police, and not the DMV, however, the DMV was not required to produce the document under NRS 233B.123(2). Accordingly, the certified copy of the document was properly admitted by the hearing officer.

Respondent next suggests several alternative grounds for affirming the district court's decision. The first of these concerns the evidence used to show that Ms. Kinkade was driving the accident vehicle. At the hearing, Officer Edwards testified that when he arrived at the accident scene, both Ms. Kinkade and her alleged passenger stated that Ms. Kinkade had been the driver of the car. On the basis of this testimony, the hearing officer found that Ms. Kinkade was driving the accident vehicle. Respondent challenges Officer Edwards' testimony as being inadmissible hearsay.

Respondent correctly points out that mere uncorroborated

---

[2]NRS 233B.123(2) reads: "Documentary evidence may be received in the form of authenticated copies or excerpts, if the original is not readily available. Upon request, parties shall be given an opportunity to compare the copy with the original."

hearsay is generally not substantial evidence sufficient to support the findings of a trial court or hearing officer. *See* Biegler v. Nevada Real Est. Div., 95 Nev. 691, 695, 601 P.2d 419, 422 (1979). Thus, respondent is probably correct when she argues that the hearsay statements made by the "passenger" to Officer Edwards were not substantial evidence sufficient to support the finding of the hearing officer. Nevertheless, the statements of Ms. Kinkade are clearly party admissions (and therefore not hearsay), which are admissible under NRS 51.035(3). *See* State, Dep't of Mtr. Vehicles v. McLeod, 106 Nev. 852, 855, 801 P.2d 1390, 1392 (1990). Accordingly, the decision of the hearing officer was supported by substantial evidence.

Finally, Ms. Kinkade argues that reinstatement of her license was proper, because Officer Edwards failed to perform correctly all necessary arrest procedures. More specifically, respondent contends that Officer Edwards failed to serve her personally with a notice of revocation as required by NRS 484.385(1). In addition, Ms. Kinkade complains that Officer Edwards, at the time he revoked her permanent license, failed to issue her a temporary one, again in violation of NRS 484.385(1).[3]

Respondent's argument clearly lacks merit. To begin, it is apparent from the record that Ms. Kinkade was personally served with a notice of revocation. In addition, even assuming that a temporary license should have been issued, Ms. Kinkade's desired remedy, *i.e.*, exclusion of the evidence of her failure to submit to chemical testing, is not appropriate in this case.

Ms. Kinkade argues that exclusion is mandated under NRS 484.389(2).[4] We disagree. NRS 484.389(2) *prohibits* exclusion where the officer has substantially complied with certain statutory requirements. A review of these provisions reveals some very technical requirements; it is clear from the record that Officer Edwards complied with nearly all of these requirements, with one

---

[3]NRS 484.385(1) reads, in pertinent part:

As agent for the department, the officer who directed that a test be given under NRS 484.382 or 484.383 or who obtained the result of such a test shall immediately serve an order of revocation of the license, permit or privilege to drive on a person who fails to submit to the test. . . . The officer shall then advise him [or her] of his [or her] right to administrative and judicial review of the revocation and to have temporary license, and shall issue him [or her] a temporary license. . . .

[4]NRS 484.389(2) reads, in pertinent part: "[A] court or hearing officer may not exclude evidence of a required test or failure to submit to such a test if the police officer or other person substantially complied with the provisions of NRS 484.382 to 484.393, inclusive."

possible exception: he arguably should have issued a temporary license to Ms. Kinkade. Because Officer Edwards substantially complied with the statutory requirements in this manner, NRS 484.389(2) certainly does not require exclusion; indeed, the statute *prohibits* exclusion in this case.

For the reasons stated above, we reverse the order of the district court and reinstate the ruling of the hearing officer.