RANDY ALLEN BROCKETT, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 21407

September 30, 1991 817 P.2d 1183

*John W. Aebi*, Carson City, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Noel S. Waters*, District Attorney and *Eric Hoshizaki*, Deputy District Attorney, Carson City, for Respondent.

# OPINION

By the Court, STEFFEN, J.:

This is an appeal from a judgment of conviction, entered pursuant to a bench trial, of one count of driving under the influence, third offense. On March 12, 1989, Officer Steve Schuette observed a vehicle weaving from the left to the right lane on Carson Street in Carson City. Officer Schuette stopped the vehicle and approached the driver. The driver identified himself as appellant, Randy Allen Brockett. Officer Schuette noticed that Brockett had a strong odor of alcohol on his breath, his eyes were bloodshot, and he had slurred speech. Brockett swayed as he stood speaking to Officer Schuette.

Officer Schuette administered several field sobriety tests on Brockett, which he failed. Officer Schuette then arrested Brockett and informed him of his responsibility to submit to an evidentiary test. When Brockett did not respond, Officer Schuette took his silence to be a refusal.

The police dispatcher informed Officer Schuette that Brockett had a prior 1987 conviction for DUI. The dispatcher did not specify, however, the state in which Brockett had received his conviction. Based upon this information, Officer Schuette informed Brockett that he would have to give a blood sample despite his earlier refusal.

Officer Schuette placed Brockett in his patrol car and transported him to the Carson-Tahoe Hospital. At the hospital Officer Schuette again asked Brockett if he would voluntarily submit to a test, and Brockett again failed to answer. Officer Schuette then learned that Brockett's prior DUI conviction was sustained in California. Believing that a prior California DUI conviction nonetheless supplied grounds for an involuntary blood test, Officer Schuette directed that a forced blood withdrawal be taken from Brockett's arm. Brockett's blood-alcohol level proved to be 0.198 percent.

Brockett later moved to suppress evidence of the forced blood draw. The district court denied his motion. Following a bench trial, Brockett was found guilty of the crime of driving with 0.10 percent or more by weight of alcohol in the blood. *See* NRS 484.379. Because this was his third offense, the district court sentenced him to serve a term of one year in the Nevada State

Prison and imposed a fine in the amount of $2,000. *See* NRS 484.3792(1)(c).

Brockett contends on appeal that his forced blood draw was illegal and, consequently, the district court should have suppressed evidence of appellant's blood-alcohol level. At the time of Brockett's arrest, NRS 484.383(8) (emphasis added) provided as follows:

> If a person to be tested fails to submit to a required test as directed by a police officer under this section, none may be given, except that if the officer has reasonable cause to believe that the person to be tested was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor or a controlled substance, and that the person:
>
> . . . .
>
> (b) Has been convicted of *a violation of NRS 484.379*[1] within the previous 7 years, the officer may direct that reasonable force be used to the extent necessary to obtain a sample of blood from the person to be tested.[2]

We conclude that NRS 484.383(8)(b) did not authorize the forcible taking of Brockett's blood. Because Brockett had only sustained prior California DUI convictions, he had not been "convicted of a violation of NRS 484.379." The statute therefore required that no test be given. Nevertheless, it does not necessarily follow that the evidence should have been excluded from trial. We conclude that the district court correctly refused to exclude the evidence.

We first note that no statute requires the exclusion of evidence taken in violation of NRS 484.383(8). There is no indication in the record that Officer Schuette was acting in bad faith or deliberately violating the law when he directed the forced blood draw. He testified that he had been trained that a forced blood draw could be taken from a person who had sustained a previous DUI conviction, regardless of the state in which the conviction was

---

[1]NRS 484.379 provides that "[i]t is unlawful for any person who . . . [i]s under the influence of intoxicating liquor; or . . . [h]as 0.10 percent or more by weight of alcohol in his blood, to drive or be in actual physical control of a vehicle . . . ."

[2]NRS 484.379(8)(b) has since been amended to provide that an officer may use reasonable force to obtain a sample of blood when the person has previously been convicted of "an offense, as defined in subsection 7 of NRS 484.3792." NRS 484.3792(7) defines an offense as "a violation of NRS 484.379 . . . or the violation of a law of another jurisdiction which prohibits the same or similar conduct."

sustained. Although this construction of the statute is incorrect, it was not an unreasonable interpretation of the statute. Many district attorneys and law enforcement officers construed the phrase "[h]as been convicted of a violation of NRS 484.379" to include any DUI violation in any state and, although the language of the statute was ill chosen, it is likely that the legislature intended the statute to be so construed. Indeed, as noted above, NRS 484.383(8)(b) has been amended and would now allow a forced blood draw to be taken in the circumstances of this case. Although Officer Schuette erred in directing the blood draw, we conclude that no public policy would be served by excluding the evidence from trial. Thus, the district court properly admitted the evidence of appellant's blood-alcohol level.

Accordingly, we affirm the district court's judgment of conviction.[3]

MOWBRAY, C. J., concurs.

SPRINGER, J., concurring in the judgment:

I agree with the majority that the results of Brockett's blood test were properly considered by the factfinder, but I disagree with the majority as to why. The majority states that the results of the blood test were admissible because the police officer acted in good faith and did not "deliberately violat[e] the law." In my view, however, the true basis for admission of the evidence is not the officer's "good faith," but, rather, his "substantial compliance" with Nevada law. Under NRS 484.389(2), "a court or hearing officer may not exclude evidence of a required test . . . if the police officer *substantially complied* with the provisions of NRS 484.382 to 484.393, inclusive." (My emphasis.)

As we noted in State, Dep't of Mtr. Vehicles v. Kinkade, 107 Nev. 257, 810 P.2d 1201 (1991), the provisions of NRS 484.382 to 484.393 contain some "very technical requirements." Here, it is clear that Officer Schuette complied with all but one of these requirements: he violated NRS 484.383(8)(b) by taking a forced blood draw from a suspect who had a previous DUI conviction from a state other than Nevada. Because Officer Schuette "substantially complied" with the statutory provisions in this manner, admission of the results of the blood test was required under NRS 484.389(2). Accordingly, I agree with the majority that the ruling of the district court must be affirmed.

ROSE, J., with whom YOUNG, J., agrees, dissenting:
The forced withdrawal of blood from Randy Allen Brockett

---

[3]We have reviewed Brockett's remaining contention and have determined that it is without merit.

(Brockett) was in direct violation of NRS 484.383(8) which permits such a forced withdrawal only if the intoxicated driver had been convicted of a prior violation of NRS 484.379, a Nevada DUI violation. Since Brockett had prior California DUIs, this forced taking of blood was improper, as the majority opinion has already concluded. I differ, however, with the majority because I do not think the evidence, obtained in direct violation of Nevada law, should have been admitted in evidence and the sole basis for the conviction.

If the statute in question was ambiguous or if the officer had relied on authority that appeared to permit his or her action, I would give the benefit of the doubt to the police officer. But when the law is clear and unambiguous, evidence obtained in direct violation of it, and without additional supportive evidence, should not be admitted at trial.

Evidence was presented that Brockett appeared intoxicated, but the trial court found that his guilt was established only by the blood alcohol test result, and apparently rejected the other evidence of intoxication. Since I believe the evidence of the blood test results should not have been admitted and this was the only evidence upon which the district court based its decision, I would reluctantly reverse this conviction.