RICKIE R. KRAHN, Appellant, *v.* THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Respondent.

No. 22766

December 4, 1992 842 P.2d 728

*John G. Watkins,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Laurie B. Foremaster,* Deputy Attorney General, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court affirming an order of revocation of appellant's driver's license.

Appellant Rickie Krahn was arrested in the Lake Mead Recreation Area and charged with a violation of the federal DUI provision, 36 Code of Federal Regulation § 4.6 (1986).[1] On September

---

[1]THE HONORABLE JOHN C. MOWBRAY, Chief Justice, did not participate in the decision of this appeal.

[1]Amended and recodified at 36 C.F.R. § 4.23 (1992).

30, 1986, appellant pleaded guilty to this offense. The federal magistrate sent the Department of Motor Vehicles and Public Safety ("DMV") a report of the conviction, and the DMV revoked appellant's driving privilege. Appellant requested an administrative hearing. The hearing officer found that the "Report of Conviction" was substantial evidence to sustain the DMV's revocation pursuant to NRS 483.460. On May 18, 1987, appellant obtained an ex parte order staying revocation of his driving privilege. The DMV did not receive a copy of the stay until July 18, 1988. The state explains that because of the stay, appellant has not served his 90 day revocation period. On May 20, 1987, appellant filed in the district court a petition for judicial review. On August 29, 1991, the district court affirmed the hearing officer's revocation order and lifted the stay. This appeal followed.

Appellant contends that the district court erred in affirming the hearing officer's decision because there is no statutory authority for revoking his driver's license. The applicable statute, NRS 483.460(1)(c), provides in relevant part:

> 1. Unless otherwise provided by statute, the department shall revoke the license, permit or privilege of any driver upon receiving a record of his conviction of any of the following offenses, when that conviction has become final, and the driver is not eligible for a license, permit or privilege to drive for the period indicated:
>
> . . .
>
> (c) For a period of 90 days, if the offense is a first violation within 7 years of NRS 484.379.

Appellant contends that because his conviction is for a violation of 36 C.F.R. § 4.6, and not NRS 483.460(1)(c), the DMV lacks authority to revoke his license. We agree. In Brockett v. State, 107 Nev. 638, 817 P.2d 1183 (1991), this court held that NRS 484.379, as it then read, did not authorize a forcible withdrawal of a blood sample from a DUI suspect with a prior DUI conviction in California, because the statute explicitly provided for a forcible blood sample removal from a DUI suspect who "[h]as been convicted of a *violation of NRS 484.379* within the previous 7 years . . . ." *Brockett,* 107 Nev. at 640, 817 P.2d at 1184 (emphasis in original). "[W]here there is no ambiguity in a statute, there is no opportunity for judicial construction and the law must be followed regardless of result." Randono v. CUNA Mutual Ins. Group, 106 Nev. 371, 374, 793 P.2d 1324, 1326 (1990). Under our conclusion, we need not address appellant's other contentions. We reverse the order of the hearing officer and vacate the order revoking appellant's driving privilege.