IN THE SUPREME COURT OF THE STATE OF NEVADA

CLIFFORD ROSS,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION;
RENEE OLSON (NOW, KIMBERLY
GAA), IN HER CAPACITY AS
ADMINISTRATOR OF THE
EMPLOYMENT SECURITY DIVISION;
AND J. THOMAS SUSICH, IN HIS
CAPACITY AS CHAIRPERSON OF THE
EMPLOYMENT SECURITY DIVISION
BOARD OF REVIEW,
Respondents.

No. 81416



FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying judicial review in an unemployment compensation matter. Eighth Judicial District Court, Clark County; Trevor L. Atkin, Judge.[1]

This appeal arises from the Employment Security Division (ESD)'s denial of appellant's claim for unemployment insurance benefits after his former employer terminated him for misconduct. After a hearing, the ESD Administrative Tribunal (referee) upheld the ESD decision, finding that the employer terminated appellant's employment for creating a hostile work environment by having altercations with his coworkers, and that he had received previous warnings for this behavior. On appeal, the Board of Review upheld the referee's findings and determination. The district court later denied appellant's petition for judicial review, finding that substantial

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-13964

evidence supported the referee's determination, and that appellant's procedural due process rights were not violated. This appeal followed.

This court has continuously recognized that "[w]hen a decision of an administrative body is challenged, the function of this court is identical to that of the district court." *Nev. Emp't Sec. Dep't v. Holmes*, 112 Nev. 275, 279, 914 P.2d 611, 614 (1996) (internal quotation marks omitted). That is, we review whether the agency's determination prejudiced appellant's substantial rights. *See* NRS 233B.135(3)(a)-(f) (setting forth the applicable standard of review and outlining the circumstances in which the agency's determination prejudices a petitioner's substantial rights).

Appellant first argues that the referee improperly admitted hearsay evidence. We disagree, as NRS Chapter 612 specifically relaxes the rules of evidence for unemployment compensation hearings. *See* NRS 612.500(2) ("An Appeal Tribunal shall inquire into and develop all facts bearing on the issues and shall receive and consider evidence without regard to statutory and common-law rules."); NAC 612.228(2) ("Technicalities must be minimized so that parties not represented by attorneys are not at a disadvantage."); *see also* NRS 233B.040 (providing that properly adopted agency regulations carry the force of law). Thus, even assuming the evidence constituted hearsay, that does not make the evidence inadmissible in this unemployment compensation matter.

Appellant next argues that the hearsay documents violated NRS 233B.123(3), which requires "[e]very witness [to] declare, by oath or affirmation, that he or she will testify truthfully." As a special provision governing the rules of evidence for NRS Chapter 612 proceedings, NRS 612.500 governs over the general rule of evidence outlined in NRS 233B.123(3). *Compare* NRS 233B.039(3) (providing that the provisions of

NRS Chapter 612 proceedings "prevail over the general provisions of this chapter"), *with* NRS 612.500(2) (setting forth the evidentiary standards for NRS Chapter 612 proceedings). Every witness who testified did so under oath.

Next, appellant argues that the referee denied his claim based solely on uncorroborated hearsay, and that such evidence does not constitute substantial evidence sufficient to uphold the referee's decision. *See Clark Cty. Sch. Dist. v. Bundley*, 122 Nev. 1440, 1445, 148 P.3d 750, 754 (2006) (reviewing whether substantial evidence supports unemployment compensation decisions). Appellant is factually incorrect. The referee also relied on the company's human resources representative and generalist, who testified regarding the various calls and complaints she personally received regarding appellant's behavior. And appellant testified as to the incident involving the supervisor, disputing specific details, but conceding that the event happened.[2] Taken together, this constitutes substantial evidence supporting the referee's determination. *See City of Reno v. Reno Police Protective Ass'n*, 118 Nev. 889, 899, 59 P.3d 1212, 1219 (2002) ("Substantial evidence is evidence that a reasonable person would deem adequate to support a decision."). The testimony and documentary evidence showed that appellant created a hostile work environment, that his employer had previously warned him about his behavior and told him to

---

[2]This evidence also corroborated the alleged hearsay evidence. Based on this conclusion, we need not address appellant's argument that such corroboration is required for hearsay evidence in unemployment compensation matters based on *Biegler v. Nevada Real Estate Division*, 95 Nev. 691, 695, 601 P.2d 419, 422 (1979) (providing that uncorroborated hearsay evidence is insufficient "to support the suspension of a *license*" in an administrative proceeding (emphasis added)).

correct it, and that appellant yelled at his supervisor during a meeting to address an incident with appellant's coworker.[3]

Appellant also failed to subpoena the people who made the statements in the challenged documents, despite having the statements before the hearing and being notified that he could request subpoenas. *See* NRS 612.270(1)(c) (providing that the referee may issue subpoenas to compel attendance of witnesses); NAC 612.225(1) (providing that the notice of hearing must inform each party of the ability to request the issuance of subpoenas); *cf. Richardson v. Perales*, 402 U.S. 389, 402 (1971) (in the context of a claim for disability insurance benefits under the Social Security Act, concluding that hearsay evidence may constitute substantial evidence "supportive of a finding by the hearing examiner adverse to the claimant, when the claimant has not exercised his right to subpoena the [adverse witness]"). We therefore reject his argument that the referee violated any confrontation rights afforded to him in this matter under NRS Chapter 233B or the United States Constitution because he could not cross-examine the people whose written statements the referee admitted into evidence. *See Richardson*, 402 U.S. at 402 (holding that, because the claimant failed to avail himself of the opportunity to seek a subpoena to cross-examine an adverse witness, claimant's confrontation rights were not violated); *State v. Eighth Judicial Dist. Court*, 134 Nev. 104, 106-07, 108, 412 P.3d 18, 21-22 (2018) (providing that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination," and holding that when a party declines

---

[3]To the extent appellant challenges the referee's credibility determinations, we also reject that argument. *Cf. Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008) (holding that this court may not revisit an appeals officer's credibility determination in an administrative proceeding).

such an opportunity, the party is not deprived of any Confrontation Clause rights (quoting *Chavez v. State*, 125 Nev. 328, 338, 213 P.3d 476, 483 (2009))). Based on the foregoing, we conclude that appellant failed to show that the referee's determination prejudiced his substantial rights. *See* NRS 233B.135(3). We therefore

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Parraguirre

_____ , J.
Stiglich

_____ , J.
Silver

cc:  Chief Judge, Eighth Judicial District Court
     Department 8, Eighth Judicial District Court
     Nevada Legal Services/Las Vegas
     State of Nevada/DETR
     Eighth District Court Clerk