WILLIAM J. WORKS, Appellant, *v.* HARRY KUHN and MARJORIE KUHN, dba CAPITAL FIREWOOD & TREE COMPANY, Respondents.

No. 17203

February 26, 1987                              732 P.2d 1373

[Rehearing denied March 24, 1987]

*Madison & Works,* Carson City, for Appellant.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from orders of the district court dismissing respondents' counterclaim and refusing to award attorney's fees to appellant William Works.

In August of 1985, appellant Works purchased three cords of firewood from the respondents. Works agreed to pay three hundred and sixty ($360.00) dollars for the wood and respondents agreed to deliver it to Works' home. Subsequently, Works allegedly became dissatisfied with the condition and quantity of the wood which respondents delivered. Accordingly, on September 11, 1985, Works filed a complaint in the district court against respondents asserting breach of warranty, fraud, deceptive trade practices, violation of statute (NRS 581.450) and a count entitled "class action," all in connection with the purchase of the firewood.

Thereafter, respondents filed an answer and a counterclaim. Respondents asserted that, prior to filing his complaint, Works had agreed to accept $90.00 from respondents in satisfaction of any perceived defects in the wood. Respondents further asserted that they sent Works $90.00, thus creating an accord and satisfaction. Accordingly, respondents' counterclaim sought damages for breach of the alleged accord and satisfaction and malicious abuse of legal process. Appellant subsequently filed a motion to dismiss the abuse of process count of respondents' counterclaim. Prior to proceeding to trial, however, respondents offered to settle the underlying complaint for five hundred dollars ($500.00) plus

costs. Works agreed to this offer and filed an acceptance to the offer on February 3, 1986.

On February 19, 1986, however, Works filed a motion for attorney's fees. On March 4, 1986, the district court entered a judgment pursuant to the above-noted offer and acceptance of judgment. On March 19, 1986, the district court entered an order denying Works' motion for attorney's fees.

On March 11, 1986, Works filed a notice to set respondents' counterclaim for trial. Thereafter, respondents filed a "consent" to dismissal of their counterclaim with prejudice based upon Works' prior acceptance of the offer of judgment. Works filed an opposition to dismissal of the counterclaim on the morning of March 20, 1986. He argued that the counterclaim should not be dismissed unless he was awarded attorney's fees. The district court, however, entered an order later that afternoon dismissing respondents' counterclaim with prejudice with each party to bear their own attorney's fees and costs.

Appellant first contends on appeal that the district court erred by dismissing respondents' counterclaim without awarding attorney's fees as requested by appellant. Appellant contended below that respondents' counterclaim for abuse of process was frivolous and was filed in violation of NRCP 11. Therefore, appellant moved the district court to dismiss the counterclaim and to award him attorney's fees as an appropriate sanction for respondents' conduct. Appellant now contends that by subsequently "consenting" to a dismissal of their counterclaim, respondents conceded all issues and claims raised by appellant in his motion to dismiss and, therefore, the district court erred in refusing to award attorney's fees. We disagree.

Our review of the record on appeal reveals that respondents alleged sufficient grounds to support their counterclaim. Further, we perceive no indication that the counterclaim was unwarranted by existing law or that respondents' counsel filed it for an improper purpose. *See* NRCP 11. Therefore, appellant's claim for attorney's fees predicated upon a violation of the provisions of NRCP 11 was baseless. Further, as noted above, respondents' "consent" to dismissal of their counterclaim expressly stated that it was "based on the [appellant's] acceptance of their Offer of Judgment." Respondents in no way conceded that their counterclaim was filed for an improper purpose, or that appellant was entitled to attorney's fees as an appropriate sanction pursuant to the provisions of NRCP 11. We conclude, therefore, that appellant's contentions in this regard are groundless.

Appellant next contends that judicial economy mandates that the district court should have awarded appellant attorney's fees as

damages for respondents' malicious prosecution of their counterclaim. Appellant asserts that the failure of the district court to award attorney's fees will require him to file an "additional lawsuit against respondents for malicious prosecution." As previously noted, we perceive no indication in the record on appeal that respondents maliciously or otherwise improperly asserted their counterclaim for abuse of process. Moreover, although appellant contended below that respondents asserted their counterclaim in violation of the provisions of NRCP 11, the record reveals that appellant never contended below that judicial economy mandated an award of attorney's fees as damages for the tort of malicious prosecution. Because appellant did not raise this precise question below, we will not consider the issue on appeal. *See* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52-53, 623 P.2d 981, 983 (1981). Accordingly, we conclude that appellant's contentions in this regard not only are improperly raised on appeal, but they lack any foundation whatsoever in the record on appeal.

[Headnote 3]

Appellant further contends that the district court abused its discretion in refusing to award attorney's fees pursuant to NRS 18.010. We disagree. NRS 18.010(2) provides that a district court *may* award attorney's fees in specified circumstances "to a *prevailing* party." (Emphasis added.) This court has previously held that a party to an action cannot be considered a prevailing party within the contemplation of NRS 18.010, where the action has not "proceeded to judgment." *See* Sun Realty v. District Court, 91 Nev. 774, 775 n. 2, 542 P.2d 1072, 1073 (1975); *see also* County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982) (NRS 18.010(3) appears to contemplate the award of fees following a trial or special proceeding). In the instant case, appellant agreed to respondents' offer to settle prior to proceeding to trial. Similarly, respondents voluntarily dismissed their counterclaim with prejudice prior to trial based upon appellant's acceptance of the offer to settle the action. Under these circumstances, we conclude that appellant cannot be considered as having prevailed in this action. Therefore, appellant was not entitled to attorney's fees under the provisions of NRS 18.010, and the district court did not abuse its discretion in refusing to award them.

Appellant also contends that he is entitled to attorney's fees because NRCP 41(a)(2) provides that no action shall be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Respondents correctly observe, however, that federal courts have interpreted an identical federal rule to preclude the award of attorney's fees where an action is dismissed with prejudice and no independent statutory

authority provides for such an award. *See* Colombrito v. Kelly, 764 F.2d 122, 133-134 (2nd Cir. 1985). Appellant asserts that NRS 18.010 provides the requisite independent statutory authority. As we previously observed, because appellant cannot be considered a prevailing party, that statute provides no authority whatsoever for an award of fees. We conclude, therefore, that the district court did not abuse its discretion by refusing to award fees pursuant to NRCP 41(a)(2). We have considered appellant's remaining contentions and we conclude they are without merit. Accordingly, we affirm the orders of the district court.

Respondents assert that the circumstances surrounding this appeal justify our imposition of sanctions against appellant pursuant to the provisions of NRAP 38. We agree and we conclude that appellant's contentions on appeal are so lacking in merit as to constitute a frivolous appeal and a misuse of the appellate processes of this court. *See* NRAP 38(b). Accordingly, to discourage like conduct in the future, and in addition to the normal costs taxable against appellant pursuant to NRAP 39(a), we hereby order attorney Works to pay respondents one thousand five hundred dollars ($1500.00) to defray the expenses and costs that respondents have incurred in retaining counsel to represent them in this appeal. *See* NRAP 38(b). Attorney Works shall pay this sum within thirty (30) days of the date of this opinion and shall promptly furnish the clerk of this court with proof of such payment.