132 Nev., Advance Opinion 8

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MB AMERICA, INC., A NEVADA
CORPORATION,
Appellant,
vs.
ALASKA PACIFIC LEASING
COMPANY, AN ALASKA BUSINESS
CORPORATION,
Respondent.

No. 66860

**FILED**

FEB 04 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

MB AMERICA, INC., A NEVADA
CORPORATION,
Appellant,
vs.
ALASKA PACIFIC LEASING
COMPANY, AN ALASKA BUSINESS
CORPORATION,
Respondent.

No. 67329

Consolidated appeals from district court orders granting a motion for summary judgment and awarding attorney fees in a contractual dispute action. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

*Affirmed.*

Robison Belaustegui Sharp & Low and Michael E. Sullivan, Reno, for Appellant.

Laxalt & Nomura, Ltd., and Marilee Breternitz and Holly S. Parker, Reno, for Respondent.

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

16-03760

*OPINION*

By the Court, SAITTA, J.:

This opinion addresses the issue of whether a prelitigation mediation provision in the parties' contract constitutes an enforceable condition precedent to litigation. We hold that it does and that because MB America, Inc. (MBA) did not initiate mediation as required under its agreement with Alaska Pacific Leasing Company, the district court correctly granted Alaska Pacific's motion for summary judgment. Furthermore, because Alaska Pacific was the prevailing party under NRS 18.010, we hold that the district court did not abuse its discretion by awarding Alaska Pacific attorney fees.

*FACTUAL AND PROCEDURAL HISTORY*

MBA is a Nevada corporation headquartered in Reno, Nevada, selling rock-crushing machines, primarily for commercial purposes. Alaska Pacific is an Alaska business based out of Anchorage, Alaska. MBA and Alaska Pacific entered into an agreement (the Agreement), whereby Alaska Pacific agreed to become a dealer for MBA's line of products.

After termination of the Agreement, a dispute arose regarding more than $100,000 in equipment purchases made by Alaska Pacific, while acting as a dealer under the terms of the Agreement. MBA filed a complaint in the district court seeking (1) declaratory relief that the Agreement was valid and binding on the parties and that MBA had not breached the Agreement, and (2) specific performance of the mediation provision of the Agreement. Subsequently, Alaska Pacific filed a motion for summary judgment, alleging that MBA had prematurely filed its complaint because it had not complied with the mediation provision in the

Agreement. The district court granted Alaska Pacific's motion. Subsequently, the district court awarded Alaska Pacific attorney fees as a prevailing party.

## DISCUSSION

MBA argues that the district court erred in granting summary judgment in favor of Alaska Pacific on MBA's complaint for declaratory relief and specific performance because: (1) genuine issues of material fact remain as to whether Alaska Pacific refused to participate in mediation as required by the Agreement and whether Alaska Pacific's prior refusal to mediate rendered any further attempt by MBA to mediate the dispute futile, (2) the district court ignored the purpose and scope of declaratory relief claims in Nevada, (3) the district court erred by dismissing the complaint instead of staying the proceedings and ordering the parties to mediate, and (4) the district court abused its discretion by awarding attorney fees to Alaska Pacific.

*The district court did not err in granting summary judgment in favor of Alaska Pacific*

"This court reviews a district court's order granting summary judgment de novo." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*

*The prelitigation provision in the parties' contract is a condition precedent to litigation*

Although this court has not addressed the issue of whether prelitigation mediation provisions in a contract can constitute a condition precedent to litigation, other jurisdictions have and held that they can. In

SUPREME COURT
OF
NEVAOA

(O) 1947A

*DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, the United States Court of Appeals for the Seventh Circuit enforced a prelitigation mediation provision by way of summary judgment, stating that the mediation provision was a condition precedent to litigation. 811 F.2d 326, 336 (7th Cir. 1987). The court reasoned that the mediation clause was straightforward in stating that it was a condition precedent to any litigation. *Id.* at 335-36. This required strict compliance with the provision. *Id.* at 336. Although the court entertained the argument that the defendant's conduct constituted a waiver of the mediation right, the court determined that a nonwaiver provision in the parties' agreement precluded such an argument. *Id.* at 336-37.

Similarly, in *Tattoo Art, Inc. v. TAT International, LLC*, the court noted that "[a] number of courts have found that when parties to a lawsuit have elected not to be subject to a court's jurisdiction until some condition precedent is satisfied, such as mediation, the appropriate remedy is to dismiss the action." 711 F. Supp. 2d 645, 651 (E.D. Va. 2010). The court began with the proposition that "failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Id.* (internal quotations omitted). In analyzing whether a condition precedent existed, the court stated that the agreement entered into by the parties "unambiguously provide[d] that the parties must, at minimum, request mediation of any dispute arising from the [a]greement prior to initiating litigation." *Id.* The *Tattoo Art* court further stated that, "[a]s with any other contract, this [c]ourt cannot simply ignore the clear intent of the parties." *Id.* at 652. As such, the court held "that [p]laintiff [had] failed to satisfy the condition precedent

necessary to trigger the right to initiate litigation" and, absent defendant's waiver of rights to mediation, dismissal was proper. *Id.*

In this opinion, we adopt the positions taken in *DeValk* and *Tattoo Art* and hold that the mediation provision in the parties' contract is an enforceable condition precedent to litigation.

*MBA did not comply with the prelitigation mediation provision in the Agreement*

Here, as the provision at issue unambiguously addresses mediation as a condition precedent to litigation, the terms are given their "usual and ordinary signification." *Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 120 Nev. 168, 174, 87 P.3d 1054, 1058 (2004) (internal quotations omitted). Paragraph 13 of the Agreement, titled "Disputes and Mediation," states:

> The parties agree that any disputes or questions arising hereunder, including the construction or application of [the] Agreement shall be submitted to mediation between [MBA] and [Alaska Pacific] with the rules of the American Arbitration Association, of which any hearing or meeting should be conducted in Reno, NV. Any mediation settlement by the parties shall be documented in writing. If such mediation settlement modifies the language of this Agreement, the modification shall be put in writing, signed by both parties and added to the Agreement as an attachment.

> If mediation between the parties does not result in a mutual satisfying settlement within 180 days after submission to mediation, then each party will have the right to enforce the obligations of this Agreement in the court of law of Reno, Nevada with all reasonable attorney fees, court costs and expenses incurred by the prevailing party in such litigation to be paid by the other party.

The commercial mediation procedures under paragraph M-2 of the American Arbitration Association's (AAA) "Commercial Arbitration Rules and Mediation Procedures," titled "Initiation of Mediation," states:

> Any party or parties to a dispute may initiate mediation under the AAA's auspices *by making a request for mediation to any of the AAA's regional offices or case management centers* via telephone, email, regular mail or fax. Requests for mediation may also be filed online via WebFile at www.adr.org.
>
> *The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable*:
>
> (i) A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.
>
> (ii) The names, regular mail addresses, email addresses, and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.
>
> (iii) A brief statement of the nature of the dispute and the relief requested.
>
> (iv) Any specific qualifications the mediator should possess.

(Emphases added.)

Paragraph 13 of the Agreement and paragraph M-2 of the commercial mediation procedures, when read together, indicate that MBA had a duty to follow the AAA rules regarding mediation procedures and that those rules require MBA to submit a request for mediation to "any of the AAA's regional offices or case management centers" in order to initiate

SUPREME COURT
OF
NEVADA

(O) 1947A

6

mediation. MBA is also required to notify Alaska Pacific of any formal request.

It is undisputed that MBA did not take the required actions to initiate mediation. Thus, MBA failed to comply with a prelitigation mediation provision in the Agreement before filing its action in the district court. Nevertheless, MBA argues that it was not required to comply with the prelitigation mediation provision.

*MBA's failure to comply with the prelitigation mediation provisions in the Agreement preclude initiation of litigation*

MBA contends that it was not required to first exhaust mediation with the AAA, given Alaska Pacific's prior rejections of MBA's informal mediation requests. MBA disagrees with the district court's characterization of a mediation provision as an "administrative remedy," but contends that even if it were, "it is well established that 'the exhaustion doctrine only applies to *available* administrative remedies.'" MBA relies on *Malecon Tobacco, LLC v. State, Department of Taxation*, 118 Nev. 837, 839, 59 P.3d 474, 476 (2002), as support for the proposition that "exhaustion is not required when a resort to administrative remedies would be futile." MBA states that it did not file a formal request with the AAA because it would have been futile to do so, and therefore, it did not have to exhaust the mediation remedy prior to filing its complaint.

We agree with MBA that the district court erred in characterizing mediation as an administrative remedy. The district court cited no authority to support that characterization, and indeed, this court has distinguished between mediation and administrative adjudication. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 891 n.2, 266 P.3d 602, 605 n.2 (2011) ("[T]he purpose of mediation . . . is not to adjudicate or issue findings, instead it is a process meant to define, evaluate, make

recommendations on issues, and try to settle issues." (citing *Guzman v. Laguna Dev. Corp.*, 219 P.3d 12, 16 (N.M. Ct. App. 2009))).

Although the district court incorrectly based its findings on a mistaken assumption that a mediation provision is an administrative remedy, it nevertheless reached the correct result. As the prelitigation mediation provision constituted a condition precedent to litigation, and MBA initiated litigation without complying with the prelitigation mediation provision in the Agreement, the district court's order granting summary judgment was proper. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 598-99, 245 P.3d 1198, 1202 (2010) (holding that a district court's order will be affirmed "if the district court reached the correct result, even if for the wrong reason").

To the extent that MBA argues that Alaska Pacific's alleged conduct was a waiver of Alaska Pacific's right to mediation as a condition precedent to litigation, *see DeValk*, 811 F.2d at 336-37, this argument also fails. MBA provides several examples of what it claims are Alaska Pacific's rejections of MBA's efforts to pursue mediation prior to MBA's initiation of litigation. First, MBA proffers a letter dated February 27, 2014, in which MBA claims it informed Alaska Pacific that any disputes arising under the Agreement needed to be sent to mediation in Reno, Nevada. The relevant portion of the letter states:

> Lastly, under paragraphs 12 and 13 of the Agreement, any disputes or questions arising under the application of the Agreement shall be submitted to mediation pursuant to the rules of the [AAA] and the hearing shall be conducted in Reno, Nevada pursuant to Nevada law. *Hopefully this will not be necessary.*

(Emphasis added.) However, nothing in this letter indicates that MBA requested mediation. In fact, MBA's statement that "[h]opefully this will not be necessary" actually works *against* MBA's assertion because it implies that this letter does not constitute a request for mediation.

MBA next relies on a letter that it received from Alaska Pacific in reply to MBA's February 27, 2014, letter threatening litigation. In relevant part, the letter states:

> Please note that Paragraph 13 ("Disputes and Mediation") of the Agreement does not apply in this matter as we do not contest [MBA's] right to cancel the agreement, but rather take issue with the fact that [MBA] acted in bad faith by accepting our payment for units which we were not obligated to purchase and then cancelling the Agreement less than eleven (11) months later.

Although this letter may demonstrate a belief by Alaska Pacific that mediation did not apply, it does not demonstrate a *rejection* by Alaska Pacific of a mediation request by MBA.

MBA also relies on a declaration by Miriano Ravazzolo, Chief Executive Officer of MBA, and an affidavit of Michael E. Sullivan, attorney of record for MBA, for its contention that Alaska Pacific rejected MBA's requests for mediation. Ravazzolo's declaration states that "[c]ounsel for [MBA] requested mediation in his February 27, 2014 letter to [Alaska Pacific's] Vice President David Faulk. Unfortunately, [Alaska Pacific] rejected that invitation for mediation . . . ." As discussed above, contrary to Ravazzolo's declaration, the letter does not request mediation. Therefore, there was no mediation request for Alaska Pacific to reject, and Ravazzolo's statement does not support MBA's argument that a formal request for mediation was futile.

Sullivan's affidavit states that he "attempted in good faith to obtain the consent of [Alaska Pacific] to participate in mediation." He then states:

> Additionally, after this letter was sent out I spoke with representatives in Alaska for [Alaska Pacific] and advised them that [MBA] would participate in mediation but it would need to be in Reno, Nevada. Unfortunately, [Alaska Pacific] and Mr. Faulk ignored those requests and instead sent threatening letters indicating that [Alaska Pacific] would be filing suit in Alaska.

Sullivan's affidavit finally states that

> [a]t no time since the filing of this lawsuit has [Alaska Pacific] ever agreed to participate in mediation in Reno, Nevada even though the undersigned has requested both local Reno counsel . . . and [Alaska Pacific's] counsel to participate in mediation in Reno.

However, when taken in the light most favorable to MBA—that is, when the allegations in the affidavits are taken at face value—this does not constitute evidence that Alaska Pacific refused to engage in mediation. Although Sullivan states that Alaska Pacific never agreed to participate in mediation, he does not state that Alaska Pacific categorically rejected a request for mediation. Therefore, Alaska Pacific's conduct cannot be seen as a waiver of its right to mediation.

*The complaint for declaratory relief was not ripe for judicial review*

MBA also contends that the district court erred in granting Alaska Pacific's motion for summary judgment by ignoring the purpose and scope of declaratory relief claims in Nevada. It contends that it appropriately sought judicial assistance to declare the obligations of the parties to conduct mediation in Reno, Nevada, pursuant to NRS 30.030 and NRS 30.040.

Supreme Court
OF
Nevada

(O) 1947A

10

In *Kress v. Corey*, this court stated that the Uniform Declaratory Judgment Act opened the door "to the adjudication of innumerable complaints and controversies not theretofore capable of judicial relief, and courts may now function to vindicate challenged rights, clarify and stabilize unsettled legal relations and remove legal clouds which create insecurity and fear." 65 Nev. 1, 25-26, 189 P.2d 352, 364 (1948) (citation omitted) (internal quotations omitted).

*Kress* also included the four elements that must be met before declaratory relief may be granted:

> (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

*Id.* at 26, 189 P.2d at 364 (internal quotations omitted); *see also Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (holding that the four elements described in *Kress* constituted the requirements for a justiciable controversy in a declaratory relief action).

Here, as discussed above, the issues are not ripe for judicial review because MBA failed to comply with the mediation terms of the agreement. Paragraph 13 of the Agreement states:

> The parties agree that *any disputes or questions arising hereunder*, including the construction or application of [the] Agreement *shall be submitted to mediation* between [MBA] and [Alaska Pacific] with the rules of the American Arbitration Association, of which any hearing or meeting should be conducted in Reno, NV.

(Emphases added.) There is no dispute that the Agreement provides the formal requirements for mediation. The language of the Agreement clearly establishes that disputes "shall be submitted to mediation." MBA failed to comply with the terms of the Agreement by neglecting formally to submit the dispute to mediation.

Thus, the issue was not ripe for judicial review and the district court properly dismissed MBA's complaint for declaratory relief. Even assuming that the complaint for declaratory relief was ripe for judicial review, the issue is now moot because following the filing of the present appeal, the parties participated in a mediation/settlement conference process.

*The district court did not err by refusing to stay the proceedings*

MBA also contends that the district court erred by not staying the proceedings and ordering the parties to mediate. MBA relies on NRS 38.221(6)-(7) and the unpublished order in *AJS Construction, Inc. v. Pankopf*, Docket No. 60729 (Order of Summary Reversal and Remand, September 25, 2013),[1] for this proposition. Because the authorities cited by MBA address arbitration, as opposed to mediation, they are inapposite here. Indeed, the United States Court of Appeals for the Eleventh Circuit has stated that "the law of arbitration is in nearly every respect an illogical foundation for enforcement of mediation agreements." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1240 (11th Cir.

---

[1]MBA's reliance on this unpublished order is misplaced. Although amendments to the Nevada Rules of Appellate Procedure allow for citation to unpublished orders, the amendments apply only to orders entered on or after January 1, 2016. As the *AJS Construction* order was entered prior to January 1, 2016, it is not persuasive.

2008) (internal quotations omitted). The court also held that "because the mediation process does not purport to adjudicate or resolve a case in any way, it is not 'arbitration,'" and thus arbitration remedies, such as "mandatory stays and motions to compel, are not appropriately invoked to compel mediation." *Id.*

Accordingly, the district court did not err by refusing to stay the proceedings.

*The district court properly awarded attorney fees to Alaska Pacific as a prevailing party*

MBA argues that the district court abused its discretion in granting Alaska Pacific's motion for attorney fees as Alaska Pacific was not a "prevailing party because it did not succeed on any significant issue of the case."

An award of attorney fees is reviewed for an abuse of discretion. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006) (reviewing an award of attorney fees for an abuse of discretion). An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or it disregards controlling law. *NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004) (holding that relying on factual findings that are "clearly erroneous or not supported by substantial evidence" can be an abuse of discretion (internal quotations omitted)); *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993) (holding that a decision made "in clear disregard of the guiding legal principles [can be] an abuse of discretion").

*Alaska Pacific was the prevailing party*

The district court awarded attorney fees to Alaska Pacific based on NRS 18.010(1), which provides that the "compensation of an

attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law." "A party . . . prevail[s] under NRS 18.010 if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit." *Valley Elec. Ass'n v. Overfield*, 121 Nev. 6, 10, 106 P.3d 1198, 1200 (2005) (internal quotations omitted). "To be a prevailing party, a party need not succeed on every issue," *LVMPD v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 615 (2015), but the action must proceed to judgment, *Works v. Kuhn*, 103 Nev. 65, 68, 732 P.2d 1373, 1376 (1987) ("[A] party to an action cannot be considered a prevailing party within the contemplation of NRS 18.010, where the action has not 'proceeded to judgment.'"), *disapproved of on other grounds by Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955 n.7, 35 P.3d 964, 969 n.7 (2001). An order dismissing a complaint is sufficient to find a prevailing party. *See Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1094, 1096, 901 P.2d 684, 687, 688 (1995).

Here, the district court did not abuse its discretion by granting attorney fees to Alaska Pacific, as a summary judgment in favor of Alaska Pacific and dismissal of MBA's complaint were sufficient to find Alaska Pacific a prevailing party, and as such, entitled to an award of attorney fees under NRS 18.010. *See Semenza*, 111 Nev. at 1094, 1096, 901 P.2d at 687-88.

## CONCLUSION

The district court did not err in granting summary judgment in favor of Alaska Pacific because MBA did not comply with a prelitigation condition precedent for mediation contained in the Agreement.

Furthermore, the district court did not abuse its discretion in awarding attorney fees to Alaska Pacific because it was the prevailing party. Accordingly, we affirm the district court order granting summary judgment and its award of attorney fees.

_____, J.
Saitta

We concur:

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A