# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES AZZARELLO; AND JUDY KRITIKOS,
Appellants,
vs.
HUMBOLDT RIVER RANCH ASSOCIATION, A NEVADA NON-PROFIT CORPORATION,
Respondent.

No. 68147

FILED

OCT 14. 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion for attorney fees and costs. Eleventh Judicial District Court, Pershing County; Noel E. Manoukian, Senior Judge.

Having considered the parties' arguments, we conclude that the district court properly denied appellants' request for attorney fees and costs. *See In re Estate of Miller*, 125 Nev. 550, 552-53, 216 P.3d 239, 241 (2009) (reviewing de novo whether a party is eligible for an award of fees and costs when the party's eligibility is a question of law). In particular, appellants were not a "prevailing party" for purposes of NRS 18.010(2)(b) or the CC&Rs because they did not "succeed[ ] on *any significant issue* in [the] litigation which achieve[d] some of the benefit [they] sought." *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 615 (2015) (internal quotation omitted)). Rather, respondent voluntarily dismissed the case without prejudice, *see* NRCP 41(a)(1), meaning that no issues were decided whatsoever. *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1215 (10th Cir. 2010) ("Voluntary dismissal of an action ordinarily does not create a prevailing party because in order to create a prevailing party there must be a 'judicially sanctioned

change in the legal relationship of the parties.'" (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981-82 (9th Cir. 2008); *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007).

Appellants nevertheless contend that the district court erred in denying their December 2014 motion to dismiss, evidently based on the belief that the granting of that motion would have constituted a "judgment" for purposes of enabling them to seek fees and costs as the prevailing party. *Cf. MB Am., Inc. v. Alaska Pac. Leasing*, 132 Nev., Adv. Op. 8, 367 P.3d 1286, 1292 (2016) ("A party to an action cannot be considered a prevailing party within the contemplation of NRS 18.010, where the action has not proceeded to judgment." (quoting *Works v. Kuhn*, 103 Nev. 65, 68, 732 P.2d 1373, 1376 (1987))). Appellants' December 2014 motion, however, cannot reasonably be construed as seeking a dismissal with prejudice, as they acknowledged that "[t]here are no issues in this action that will not be addressed in the two actions that have subsequently been filed by the parties."[1] Thus, even if the district court

---

[1]Although appellants' motion requested dismissal with prejudice, that request cannot be reconciled with their acknowledgment that dismissal of the underlying action would not preclude litigation of the same claims and issues in the parties' other two actions. Thus, appellants' motion amounted to a request for dismissal without prejudice. *Cf. Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1057, 194 P.3d 709, 715 (2008) (recognizing that dismissal with prejudice has preclusive effect); *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 895, 266 P.3d 602, 607-08 (2011) (recognizing that dismissal does not have preclusive effect when the dismissal "expressly reserves the right to maintain a second action" (quotation omitted)).

had granted appellants' December 2014 motion, appellants still would not have been the prevailing party for the same reason described above. *See Oscar*, 541 F.3d at 981-82; *U.S. v. Milner*, 583 F.3d 1174, 1196-97 (9th Cir. 2009); *McKnight v. 12th & Div. Props., LLC*, 709 F. Supp. 2d 653, 656 (M.D. Tenn. 2010). Beyond this potential issue, appellants' challenge to the denial of their December 2014 motion is moot. We therefore affirm the district court's May 5, 2015, order denying appellants' motion for attorney fees and costs.

It is so ORDERED.[2]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Noel E. Manoukian, Senior Judge
       J. Douglas Clark, Settlement Judge
       Kern & Associates, Ltd.
       Kent Law
       Pershing County Clerk

---

[2]Respondent's request for NRAP 38 sanctions is denied.

SUPREME COURT
OF
NEVADA

(O) 1947A