# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUNLIGHT TRUST,
Appellant,
vs.
HSIEH YING-MAN, AN INDIVIDUAL,
Respondent.

No. 77660

**FILED**

DEC 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from post-judgment orders granting a motion to retax costs and denying a motion for attorney fees and costs.[1] Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

We conclude that the district court erred in determining appellant was not a "prevailing party" under the Purchase Agreement when respondent's cross-claims against appellant were resolved on mootness grounds. *JED Prop., LLC v. Coastline RE Holdings NV Corp.*, 131 Nev. 91, 93, 343 P.3d 1239, 1240 (2015) (recognizing that this court reviews de novo a district court's decision regarding attorney fees and costs when the decision entails a legal issue); *Am. First Fed. Credit Union v. Soro*, 131 Nev. 737, 739, 359 P.3d 105, 106 (2015) (recognizing that contractual interpretation is a question of law subject to de novo review). Although the district court did not rule on the merits of respondent's cross-claims, appellant nevertheless mounted "a successful defense" by having those claims resolved in appellant's favor. *Nev. N. Ry. Co. v. Ninth Judicial Dist. Court*, 51 Nev. 201, 205, 273 P. 177, 178 (1929) (explaining that a defendant prevails in litigation when a defendant mounts "a successful defense" to a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19·50574

plaintiff's claims). This court has not held that a defendant must mount a successful *merits-based* defense in order to be a prevailing party,[2] and the United States Supreme Court has disavowed that proposition. *See CRST Van Expedited, Inc. v. Equal Emp't Opportunity Comm'n*, 136 S. Ct. 1642, 1651 (2016) ("[A] defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'"); *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (following *CRST*'s reasoning to conclude that a defendant is a prevailing party when claims against it are dismissed on mootness grounds). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Gibbons

_____, J.       _____, Sr. J.
Cadish                             Douglas

---

[2]We do not interpret *Works v. Kuhn*, 103 Nev. 65, 732 P.2d 1373 (1987), *Sun Realty v. Eighth Judicial District Court*, 91 Nev. 774, 542 P.2d 1072 (1975), or *County of Clark v. Blanchard Construction Co.*, 98 Nev. 488, 653 P.12 1217 (1982), as holding that there must be a *merits-based* judgment in order for there to be a prevailing party. Rather, *Works* held that there was no prevailing party when the parties settled, 103 Nev. at 68, 732 P.2d at 1375-76, *Sun Realty* held that there was no prevailing party when a mistrial was granted, 91 Nev. at 775 n.2, 542 P.2d at 1073 n.2, and *Blanchard Construction* held that NRS 18.010's prevailing-party provisions were inapplicable when the prevailing party was seeking to confirm an arbitration award, 98 Nev. at 492, 653 P.2d at 1220.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Susan Johnson, District Judge
Greene Infuso, LLP
Kennedy & Couvillier, PLLC
Eighth District Court Clerk