136 Nev., Advance Opinion 14

IN THE SUPREME COURT OF THE STATE OF NEVADA

145 EAST HARMON II TRUST; AND
ANTHONY TAN, AS TRUSTEE OF THE
145 EAST HARMON II TRUST,
Appellants,
vs.
THE RESIDENCES AT MGM GRAND –
TOWER A OWNERS' ASSOCIATION,
Respondent.

No. 75920



FILED

APR 0 2 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a district court post-judgment order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Mark B. Bailus, Judge.

*Affirmed.*

David J. Kaplan, Las Vegas,
for Appellants.

Singer & Larsen P.C. and Brent Larsen, Henderson,
for Respondent.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, SILVER, J.:

NRS 18.010(2) and NRS 18.020 allow a "prevailing party" to recover attorney fees and costs, respectively, in certain circumstances. This appeal requires us to consider whether a defendant is a "prevailing party"

20-12546

when an action is dismissed with prejudice. We hold that a voluntary dismissal with prejudice generally conveys prevailing party status upon the defendant. However, district courts should consider the circumstances surrounding the voluntary dismissal with prejudice in determining whether the dismissal conveys prevailing party status. Applying that holding to the circumstances in this case, we conclude that respondent is a prevailing party for purposes of NRS 18.010(2) and NRS 18.020. We further conclude that the district court did not abuse its discretion in determining the amount to award as attorney fees and that the award is supported by substantial evidence. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant 145 East Harmon II Trust owned a condominium unit in The Signature at MGM Grand. After not visiting the unit for several weeks, appellant Anthony Tan, the trustee of 145 East Harmon II Trust (collectively, the Trust), entered the unit to find it had mold damage and required extensive repairs. The Trust investigated the cause of the damage and determined that an MGM employee was responsible. The Trust sued four MGM entities, including respondent The Residences at MGM Grand – Tower A Owners' Association (the Association).

Two of the MGM defendants moved to dismiss the claims against them on the basis that they were innocent parties and that The Signature, the entity that owned the building, was the only entity that could be held responsible for the damage to the Trust's condominium unit.[1] The district court granted the motion, and the Trust filed its first amended complaint on June 10, 2016, naming the Association and four other entities.

---

[1]That motion to dismiss pointed out that the Association could make the identical argument.



Although not included in the record, the Association states, and the Trust does not contest, that the Trust served the Association with notice of intent to take a default against it on August 1.

On August 11, the Association sent a demand letter to the Trust's counsel, Eric Tan, and requested dismissal from the case because the Association was not a proper party to the action. The Association stated that failure to voluntarily dismiss the Association would force it to incur unnecessary attorney fees and that it would be compelled to file a motion to dismiss.

On September 13, the Association emailed Tan, stating, "On August 26th you telephoned me to tell me that you were going to proceed with filing a voluntary dismissal . . . . You also told me that you would have the dismissal filed by the end of the next week. To date I have not seen the dismissal." A week later, Tan responded that he was "swamped" with work and would be out of the country for two weeks but would complete the voluntary dismissal upon his return.

On December 12, because the Trust had not yet dismissed the Association from the case, the Association again emailed Tan, asking why he had "never followed through with [the] promise to dismiss [the Association] from this case? Do I need to file a motion to dismiss and ask for sanctions? I need to hear from you ASAP." Tan responded that there was a substitution of attorney filed the preceding week and that the Association should speak with the new attorney on the case, Stephen Lewis. That same day, the Association emailed Lewis, notifying him of Tan's assurance that the Association would be dismissed from the case. The Association supplied Lewis with the August 11 demand letter requesting dismissal and inquired as to whether he was similarly willing to dismiss the



Association from the case. Lewis responded that he had not read the file yet but would review all claims and then discuss the matter.

Thereafter, communication between the Association and the Trust ceased. The Trust did not file a notice of voluntary dismissal as to the Association, nor did the Association make another demand of the Trust to dismiss the Association.[2] The lawsuit proceeded. The Association remained a named defendant, and the Trust continued to prosecute the case against the other defendants. The Trust did not ask the Association for discovery, and the Association was not included in the joint case conference report. The lawsuit between the Trust and the other defendants settled on confidential terms.

Before the settlement between the Trust and the other defendants, on March 15, 2017, the Association moved to dismiss or in the alternative for summary judgment. The Trust did not respond to the motion. Instead, the parties resolved the matter by stipulating to dismiss the Association from the case with prejudice. The stipulation expressly reserved the Association's right to move for attorney fees and costs.

The Association thereafter moved for attorney fees and costs, and the Trust opposed the motion. The Trust argued that the Association could not be considered a prevailing party under NRS 18.010(2) and NRS 18.020 because the case had not proceeded to judgment. The district court held a hearing on the motion and found that the Association was the prevailing party. The district court pointed out during the hearing that the Trust likely would have lost had it replied to the Association's dispositive

---

[2]The Trust asserts that it attempted to make one phone call to the Association in January 2017. The Association denies receiving any call and points out that the Trust never supported its assertion with any evidence.

motion. More specifically, the district court stated that "[i]f the Court—and I looked at the motion for summary judgment—the Court would have been inclined to grant the motion for summary judgment, there would have been a judgment entitling them to attorneys' fees and costs." In its written order, the district court found the following: (1) the Association was the prevailing party due to the resolution of the pending motion for summary judgment through the parties' stipulation that the Association would be dismissed with prejudice, (2) the Association set forth sufficient grounds to establish that it was entitled to attorney fees under NRS 18.010(2)(b), (3) $9,431.25 was a reasonable amount of fees based on the *Brunzell* factors, and (4) the Association was entitled to $497.56 in costs as the prevailing party. The Trust appealed.

## DISCUSSION

*The district court correctly determined that the Association was a prevailing party*

The primary issue before us is whether a dismissal with prejudice is sufficient to confer prevailing party status on the defendant for purposes of NRS 18.010(2) and NRS 18.020. The Trust contends that a litigant cannot be a "prevailing party" when the underlying action has not "proceeded to judgment" and an action has not proceeded to judgment when the parties agree to dismiss the action. The Association argues that it was a prevailing party because the stipulation to dismiss with prejudice was in effect a final judgment.

"[W]hen [an] attorney fees matter implicates questions of law, the proper review is de novo." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006). The issue here implicates a question of law because it involves statutory interpretation—the meaning of "prevailing party," as used in NRS 18.010(2) and NRS 18.020. *See Gonor v. Dale*, 134

Nev. 898, 899, 432 P.3d 723, 724 (2018) (observing that statutory interpretation presents a question of law). Therefore, our review is de novo.

NRS 18.010(2)(a)-(b) provides that "the court may make an allowance of attorney's fees to a prevailing party" when the "party has not recovered more than $20,000" or when the claim "was brought or maintained without reasonable ground." NRS 18.020 provides that "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered" under certain circumstances. At issue here is the meaning of "prevailing party."

The Trust relies on *Works v. Kuhn* to support its position that a party cannot be a prevailing party when the action has not proceeded to a judgment on the merits. 103 Nev. 65, 732 P.2d 1373 (1987), *disapproved of on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 35 P.3d 964 (2001). There, the parties reached a good-faith settlement, and in the spirit of that settlement, the defendant voluntarily dismissed his counterclaim with prejudice. *Id.* at 68, 732 P.2d at 1376. This court concluded that the plaintiff could not "be considered as having prevailed" in those circumstances. *Id.* But the circumstances are different here. The parties did not enter into a good-faith settlement—the stipulation for a voluntary dismissal was in response to the Association's pending dispositive motion that the Association likely would have prevailed on. Thus, the Association essentially obtained the dismissal with prejudice it sought in its dispositive motion, as opposed to settling with the Trust. Additionally, although we indicated in *Works* that a party cannot prevail unless the case proceeds to judgment, we did not announce a bright-line rule that a case that has been dismissed with prejudice has not "proceeded to judgment." Nor has this court ever expressly held that an action has not

proceeded to judgment when it has been dismissed with prejudice. Thus, it remains an open question whether a defendant who successfully obtains a dismissal with prejudice can seek attorney fees and costs as a prevailing party under NRS 18.010(2) and NRS 18.020. *See Menken v. Emm*, No. 98-17288, 2000 WL 531506, at *2-3 (9th Cir. May 1, 2000) (stating that the Nevada Supreme Court has never held that a dismissal with prejudice does not amount to proceeding to judgment).

Although we have not answered that question, federal courts have done so. The weight of federal authority is that a voluntary dismissal with prejudice confers prevailing party status on the defendant or nonmoving party. *See* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2667 (4th ed. 2014) (explaining that a dismissal with prejudice, whether or not on the merits, generally conveys prevailing party status upon the defendant).

For example, the United States Court of Appeals for the Fifth Circuit held that a dismissal with prejudice equates to a judgment on the merits. *See United States ex rel. Long v. GSDMidea City, LLC*, 807 F.3d 125, 128 (5th Cir. 2015) ("'[A] dismissal with prejudice is tantamount to a judgment on the merits' and renders a defendant the prevailing party for the purpose of allocating costs." (quoting *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985))); *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990) (explaining "that the dismissal of a plaintiff's suit with prejudice is tantamount to a judgment on the merits for the defendants, thereby rendering them the prevailing parties"). In doing so, the Fifth Circuit reasoned that the defendant prevailed when an action is dismissed with prejudice because, "[a]lthough there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a

dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata.*" *Anthony v. Marion Cty. Gen. Hosp.,* 617 F.2d 1164, 1169-70 (5th Cir. 1980). In a Fifth Circuit case addressing civil rights complaints, the court explained that to determine whether a dismissal with prejudice conveys prevailing party status for an award of attorney fees, the court must determine that the plaintiff voluntarily dismissed the case to avoid a judgment on the merits. *Dean v. Riser,* 240 F.3d 505, 511 (5th Cir. 2001).

The United States Court of Appeals for the Second Circuit explained that to merit prevailing party status, the party must have gained a "material alteration" of the parties' legal relationship through litigation. *Carter v. Inc. Vill. of Ocean Beach,* 759 F.3d 159, 165 (2d Cir. 2014) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 604 (2001) (internal quotation marks omitted)). And it reasoned that a voluntary dismissal with prejudice alters the parties' legal relationship because it is "an adjudication on the merits for purposes of *res judicata.*" *Id.* (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.,* 56 F.3d 343, 345 (2d Cir. 1995)).

The United States Court of Appeals for the Ninth Circuit likewise views a dismissal with prejudice as a judgment on the merits sufficient to confer prevailing party status on the defendant. *See, e.g., Zenith Ins. Co. v. Breslaw,* 108 F.3d 205, 207 (9th Cir. 1997), *abrogated on other grounds by Ass'n of Mex.-Am. Educators v. California,* 231 F.3d 572 (9th Cir. 2000). The Ninth Circuit distinguishes between dismissals with and without prejudice, explaining that a "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing." *Cadkin v. Loose,* 569 F.3d 1142, 1148 (9th

SUPREME COURT
OF
NEVADA

(O) 1947A

Cir. 2009) (quoting *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008)).

The United States Court of Appeals for the Seventh Circuit also suggested that a dismissal with prejudice is sufficient to confer prevailing party status. *See Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-77 (7th Cir. 1987). In deciding that a dismissal without prejudice does not decide the case on the merits because the plaintiff may refile the complaint and therefore is not sufficient to confer prevailing party status, the court observed that a dismissal with prejudice allows a "defendant to say that he has 'prevailed.'" *Id.* at 1077. Observing that "[c]apitulation or settlement is the practical equivalent of success," the court reasoned that a surrender by means of a dismissal with prejudice "should be treated similarly." *Id.*

We agree with the reasoning of the federal courts and therefore hold that a voluntary dismissal with prejudice generally equates to a judgment on the merits sufficient to confer prevailing party status upon the defendant. This rule is not absolute, as there may be circumstances in which a party agrees to dismiss its case but the other party should not be considered a prevailing party. For instance, a party may have a strong case or defense but nonetheless stipulate to a dismissal with prejudice because it is without funds to pursue litigation. Thus, the district court should consider the reason for the voluntary dismissal with prejudice when determining whether a dismissal with prejudice equates to a judgment for purposes of awarding attorney fees and costs.

Here, the circumstances surrounding the dismissal with prejudice are sufficient to confer prevailing party status to the Association. First, the Trust had multiple opportunities to dismiss the Association from

the case before the Association incurred attorney fees, and it failed to do so, despite expressly agreeing to dismiss the Association. Critically, the Trust's first counsel had five months from the date he first received the Association's demand letter and numerous requests from the Association to dismiss the Association. He failed to do so. The Trust's second counsel had three months from the time he first spoke to the Association to dismiss the Association. He also failed to do so. Altogether, the Association waited roughly eight months after first broaching the voluntary dismissal with the Trust before filing a dispositive motion. Second, the stipulation followed on the heels of the Association's dispositive motion. As the district court acknowledged that the Association likely would have prevailed on the dispositive motion, it appears that the Trust agreed to dismiss the case with prejudice to avoid an adverse decision on the merits of the dispositive motion. *See Dean*, 240 F.3d at 511 (holding that a dismissal with prejudice conveys prevailing party status for an award of attorney fees where "the plaintiff's case was voluntarily dismissed to avoid judgment on the merits"). Moreover, the parties expressly stipulated that the Association "reserves its right to file a [m]otion to recover [fees]." Thus, under these facts, the dismissal with prejudice was substantively a judgment on the merits. Accordingly, the Association was the prevailing party for purposes of NRS 18.010(2) and 18.020.

*The district court did not abuse its discretion in awarding attorney fees*

The Trust also challenges the amount of the attorney fees award, arguing that the district court did not adequately consider all of the factors set forth in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969), and that the award was unreasonable. We review the amount of fees awarded "for an abuse of discretion, and will affirm an award

that is supported by substantial evidence." *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015) (citation omitted).

When determining a reasonable amount to award as attorney fees, the district court must consider the four factors set forth in *Brunzell*:

> (1) *the qualities of the advocate:* his ability, his training, education, experience, professional standing and skill; (2) *the character of the work to be done:* its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) *the work actually performed by the lawyer:* the skill, time and attention given to the work; (4) *the result:* whether the attorney was successful and what benefits were derived.

85 Nev. at 349, 455 P.2d at 33 (internal quotation marks omitted). Although the district court should "expressly analyze each factor," the district court does not have to make "express findings on each factor . . . to properly exercise its discretion" so long as the record demonstrates that the court "considered the required factors" and that "the award [is] supported by substantial evidence." *Logan*, 131 Nev. at 266, 350 P.3d at 1143.

Here, the district court did not make express findings as to the *Brunzell* factors, but the record clearly shows that the district court considered each factor. The record also shows that substantial evidence supports the award. As to the first *Brunzell* factor, counsel for the Association, Brent Larsen, has been a licensed attorney since 1977 and was the senior partner at Deaner, Malan, Larsen & Cuilla when he started representing the Association in this matter in 2016. As to the second factor, while this case was admittedly not complex, counsel did serve a demand letter detailing why the Association should be dismissed, diligently pursued the Association's interests, and filed a motion to dismiss and/or for

summary judgment. These documents show the character of work done and skill required. As to the third factor, counsel provided a detailed time schedule and billing statement of the work performed along with the motion for attorney fees. In making its determination, the district court rejected some of the entries on the billing statement and reduced the Association's requested amount from $10,987.50 to $9,431.25. This deduction shows the district court carefully considered the third factor in determining a reasonable amount of fees. As to the final *Brunzell* factor, counsel obtained a favorable result as his client was dismissed from the case with prejudice. In this respect, counsel gave the Trust numerous opportunities to dismiss the Association from the case before taking any action on the Association's behalf that would incur additional attorney fees. Accordingly, we conclude that the amount awarded was not an abuse of discretion. We therefore affirm the order awarding attorney fees and costs to the Association.

_____, J.
Silver

We concur:

_____, J.
Gibbons

_____, J.
Stiglich