

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY ALEXANDER; et al.,<br><br>       Plaintiffs-Appellants,<br><br> v.<br><br>DEAN MEILING; et al.,<br><br>       Defendants-Appellees. | No.   20-16688<br><br>D.C. No.<br>3:16-cv-00572-MMD-CLB<br><br><br>MEMORANDUM[*] |
| JERRY ALEXANDER; et al.,<br><br>       Plaintiffs-Appellees,<br><br> v.<br><br>DEAN MEILING; et al.,<br><br>       Defendants-Appellants,<br><br> and<br><br>JANET CHUBB; et al.,<br><br>       Defendants. | No.   21-15223<br><br>D.C. No.<br>3:16-cv-00572-MMD-CLB |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 11, 2022
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and KANE,[**] District Judge.

In appeal No. 20-16688, Plaintiffs—twenty-two investors in and former members of Metalast International, LLC ("MILLC")—appeal from the district court's grant of a Rule 12(b)(6) motion to dismiss brought by Defendants Dean Meiling; Madylon Meiling; Janet Chubb; Chemeon Surface Technology, LLC; Metalast Surface Technology, LLC; D&M-MI, LLC; DSM Partners, Ltd.; Meiling Family Partners, Ltd.; Meridian Advantage; and James Proctor. Plaintiffs allege that Defendants conspired to fraudulently convert and acquire the assets of MILLC through a Nevada state court receivership proceeding.

In appeal No. 21-15223, Defendants Dean Meiling; Madylon Meiling; Chemeon Surface Technology, LLC; Metalast Surface Technology, LLC; D&M-MI, LLC; Metalast Surface Technology, LLC; DSM Partners, Ltd.; and Meiling Family Partners, Ltd. (collectively, "Meiling Defendants"), appeal from the district

_____

[**] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

2

court's denial of their motion for attorneys' fees. The Meiling Defendants contend that they are entitled to attorneys' fees under the MILLC operating agreement ("Operating Agreement"), as well as under Nevada Revised Statute § 18.010(2)(b).

We have jurisdiction under 28 U.S.C. § 1291. We affirm in appeal No. 20-16688, and affirm in part and reverse in part in appeal No. 21-15223.

1. We review a grant of a Rule 12(b)(6) motion to dismiss de novo. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review the denial of leave to amend for abuse of discretion. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).

Plaintiffs argue that the district court erred in holding that their claims are barred by Nevada's litigation privilege. The privilege is "quite broad" under Nevada law. *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002) (per curiam). The privilege "immunizes from civil liability communicative acts occurring in the course of judicial proceedings, even if those acts would otherwise be tortious," *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 902 (Nev. 2014) (en banc), including statements made "when the motives behind them are malicious and they

3

are made with knowledge of the communications' falsity," *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) (en banc). It extends to "communication[s] [] made before a judicial proceeding is initiated," but "only if the communication is made in contemplation of initiation of the proceeding." *Fink*, 49 P.3d at 644 (internal quotation marks omitted). The communication "need not be strictly relevant to any issue involved in the proposed or pending litigation, it only need be in some way pertinent to the subject of controversy." *Id.* (footnote and internal quotation marks omitted). It applies to communications made by both attorneys and non-attorneys relating to both judicial and quasi-judicial proceedings. *Jacobs*, 325 P.3d at 1285. Nevada courts are to "apply the absolute privilege liberally, resolving any doubt in favor of its relevancy or pertinency." *Fink*, 49 P.3d at 644 (internal quotation marks omitted).

We accept the allegations in Plaintiffs' complaint as true. We agree with the district court that all of Plaintiffs' claims necessarily entail a challenge to Defendants' communications made either in anticipation of or during the Nevada receivership proceeding in which Defendant D&M-MI, LLC, purchased the assets of insolvent MILLC. The Meilings' alleged false promises to lend additional funds to MILLC, in addition to Proctor's and Chubb's misrepresentations about their relationship with the Meilings, were all made with the intention of obtaining

4

MILLC's financial information for use in support of the receivership action. Defendants' alleged collective orchestration of the appointment of Proctor as receiver, Proctor's placement of the Meilings in charge of operations at MILLC, and the sale and transfer of MILLC's assets to D&M-MI, LLC, all occurred during the receivership proceeding. The litigation privilege thus bars Plaintiffs' claims, and the district court did not err in so holding. The district court did not abuse its discretion in denying Plaintiffs' request for leave to amend, concluding that amendment would be futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

2. We review a denial of attorneys' fees for abuse of discretion. *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009); *Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994).

"Factual assertions in pleadings . . . , unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). The Supreme Court has endorsed this standard in the context of a party's attempt to

5

assert arguments contrary to its initial pleadings, finding that such factual concessions are binding. *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 470 n.6 (2013) (citing *Lacelaw*, 861 F.2d at 226).

The Meiling Defendants are entitled to attorneys' fees as a result of the binding admissions in the First Amended Complaint. These admissions establish that: (1) the Meiling Defendants were members of MILLC under the Operating Agreement; and (2) the Meiling Defendants, as members of MILLC, were "subject to [MILLC]'s [O]perating [A]greement, and the various duties, rights, and obligations contained therein." Pursuant to these admissions, Plaintiffs sued to enforce the terms of the Operating Agreement, which the Meiling Defendants had purportedly breached. Section 12.2 of the Operating Agreement provides that the "prevailing parties" to an action to enforce the agreement's terms are entitled to attorneys' fees, and the Meiling Defendants are prevailing parties in such an action. *Cf. 145 E. Harmon II Tr. v. Residences at MGM Grand – Tower A Owner's Ass'n*, 460 P.3d 455, 458-59 (Nev. 2020). The district court erred in ignoring these binding judicial admissions, and we therefore reverse and remand to the district court to determine a reasonable award of contractual attorneys' fees to the Meiling Defendants.

The Meiling Defendants also assert that they are entitled to fees under Nevada Revised Statute § 18.010(2)(b). However, we are limited to reviewing the district court's decision for abuse of discretion and cannot alter its judgment simply because we may have ruled differently had we been the court of initial review. *Cf. Aircraft Serv. Int'l, Inc. v. Int'l. Broth. of Teamsters*, 779 F.3d 1069, 1072 (9th Cir. 2015); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). The district court did not abuse its discretion in declining to find that this case was groundless or filed with intent to harass.[1]

**AFFIRMED in No. 20-16688. REVERSED AND REMANDED IN PART AND AFFIRMED IN PART in No. 21-15223.**

---

[1] We grant Plaintiffs' request for judicial notice in appeal No. 21-15223 (Dkt. No. 28).